

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. M. McMahan
Business Manager
John Tarleton Agricultural College
Stephenville, Texas

Dear Sir:

> Opinion No. O-1194
> Re: Applicability of the statute of
> limitations to notes made payable to
> John Tarleton Agricultural College
> or the Board of Directors thereof.

We have your letter of July 27, 1939, in which you request our opinion with reference to the applicability of the statute of limitations to student notes made payable to the order of John Tarleton Agricultural College or the Board of Directors thereof. You ask three specific questions with reference to the application of the four-year statute of limitations, after which you ask the general question whether or not the statute of limitations would apply to John Tarleton Agricultural College, since it is a state institution.

Our opinion is that the statutes of limitations do not apply to obligations in favor of John Tarleton Agricultural College and made payable to it or to the Board of Directors thereof, and it will therefore be unnecessary for us to discuss the three specific questions asked by you with reference to the application of the four-year statute of limitations.

John Tarleton Agricultural College is created by the provisions of Articles 2616 through 2619 of the Revised Civil Statutes. It is a state educational institution, having among other powers the power of eminent domain. See Article 2619.

It is the general rule that the State is not bound by statutes of limitations, unless it is otherwise expressly provided by such statutes. Brown v. Sneed, 77 Tex. 471, 14 S.W. 248; 28 Tex. Juris. 98. It is also held that the statutes of limitations do not run against agencies which exercise a portion

Honorable A. M. McMahon, Page 2


of the sovereign powers of the State, including educational
agencies. American Surety Company of New York v. Board of
Trustees of Independent School District of Fort Worth, 224 S.W.
892. There being no statutory provision that the statutes of
limitations shall apply to the State or to educational agencies
of the State, and it being clear that John Tarleton Agricultural
College is an educational agency which exercises a portion of
the sovereign powers of the State, the statutes of limitations
would not apply as against John Tarleton Agricultural College
in actions which may be brought on notes payable to said college
or the Board of Directors thereof.

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY James P. Hart

James P. Hart
ASSISTANT

JPH:AMM


APPROVED SEP 1, 1939

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN